U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    OCT 2 5 2005

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE D. STEGEMAN #340441** | **CIVIL ACTION** |
| versus | **NO. 05-2822** |
| **JAMES D. MILLER, WARDEN** | **SECTION: "C" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE.**

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

___ Fee___
___ Process___
_X_ Dktd___
___ CtRmDep___
___ Doc. No___

Petitioner, George D. Stegeman, is a state prisoner incarcerated at the Washington Correctional Institute, Angie, Louisiana. On May 30, 2001, he pled guilty to one count of pornography involving juveniles in violation of La.Rev.Stat.Ann. 14:81.1, and he was sentenced to a term of ten years imprisonment, without benefit of parole, probation, or suspension of sentence, with credit for time served.[2] On that same date, he also pled guilty to being a third offender and was resentenced as such to a term of fifteen years imprisonment, without benefit of parole, probation, or suspension of sentence, with credit for time served.[3]

On May 30, 2003, petitioner, through counsel, filed with the state district court an application for post-conviction relief.[4] That application was denied on June 16, 2003, because it had not been filed on the proper form.[5] On August 25, 2003, petitioner's counsel filed a motion for reconsideration, along with a copy of the post-conviction application on the proper form.[6] On September 3, 2003, the state district court implicitly granted the motion for reconsideration but then denied petitioner's post-conviction claims on the merits.[7] Petitioner then filed with the Louisiana

---

[2] State Rec., Vol. I of II, transcript of May 30, 2001, pp. 7-10; State Rec., Vol. I of II, minute entry dated May 30, 2001; State Rec., Vol. I of II, guilty plea form.

[3] State Rec., Vol. I of II, transcript of May 30, 2001, pp. 10-13; State Rec., Vol. I of II, minute entry dated May 30, 2001.

[4] State Rec., Vol. I of II.

[5] State Rec., Vol. I of II, Order dated June 16, 2003.

[6] State Rec., Vol. I of II.

[7] State Rec., Vol. I of II, Order dated September 3, 2003.

Fifth Circuit Court of Appeal an application for review[8] which was denied on December 15, 2003.[9] He next filed with the Louisiana Supreme Court an application for a writ of certiorari[10] which was denied on February 25, 2005.[11]

While that application was pending, petitioner returned to the state district court on June 29, 2004, to file a "Motion to Withdraw Guilty Plea and Vacate Multiple Offender Sentencing."[12] That motion was denied on July 6, 2004.[13]

On June 2, 2005, petitioner filed this federal application for *habeas corpus* relief.[14] In support of his application, petitioner claims:

1. Petitioner's guilty plea was involuntary; and

2. Petitioner received ineffective assistance of counsel.

The state argues that petitioner's federal application is untimely.[15]  Generally, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring

---

[8] State Rec., Vol. II of II.

[9] State *ex rel.* Stegeman v. 24th Judicial District Court, No. 03-KH-1436 (La. App. 5th Cir. Dec. 15, 2003) (unpublished); State Rec., Vol. I of II.

[10] State Rec., Vol. II of II.

[11] State *ex rel.* State v. Stegeman, 894 So.2d 1144 (La. 2005) (No. 2004-KH-0393); State Rec., Vol. I of II.

[12] State Rec., Vol. I of II.

[13] State Rec., Vol. I of II, Order dated July 6, 2004.

[14] Rec. Doc. 1.

[15] Rec. Doc. 5, pp. 4-6.

his Section 2254 claims within one (1) year of the date on which his conviction or sentence became final. 28 U.S.C. § 2244(d)(1)(A).[16]

As noted, on May 30, 2001, petitioner pled guilty and was sentenced. Because he did not file a direct appeal within the five days allowed by state law, his conviction and sentence became final no later than June 6, 2001.[17] Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year

---

[16] 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[17] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). At the time of petitioner's conviction in 2001, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A). In 2001, June 2 was a Saturday and June 3 was a Sunday; therefore,

period that petitioner had to file his application for federal *habeas corpus* relief commenced on that date and expired on June 6, 2002, unless that deadline was extended through tolling.[18]

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. See Fields v. Johnson, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, from June 6, 2001, through June 6, 2002, petitioner had no applications for post-conviction relief or other collateral review pending before the state courts so as to entitle him to tolling of the statute of limitations.[19]

---

out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction became final.

The Court also notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976). In this case, however, the Court need not decide whether petitioner had a right to appeal his conviction pursuant to La.C.Cr.P. art. 914, in that petitioner's application for federal *habeas corpus* relief is untimely regardless of whether his conviction was final upon the expiration of the time within which to notice an intent to appeal (June 6, 2001) or upon petitioner's plea (May 30, 2001).

[18] To the extent that petitioner argues that the AEDPA's statute of limitations did not begin running until the conclusion of direct review of his state post-conviction application, Rec. Doc. 6, such an argument is clearly incorrect. Flanagan v. Johnson, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

[19] The Court notes that petitioner filed a post-conviction application with the state district court on May 30, 2003, as well as a "Motion to Withdraw Guilty Plea and Vacate Multiple Offender Sentencing" on June 29, 2004. However, because those applications were filed after the expiration of the AEDPA's one-year statute of limitations, the applications and the related appellate court proceedings have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before June 6, 2002, in order to be timely. Petitioner's federal application was not filed until June 2, 2005,[20] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by George D. Stegeman be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[20] Petitioner signed his application for federal *habeas corpus* relief on June 2, 2005. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

      New Orleans, Louisiana, this __24__ day of October, 2005.

                              SALLY SHUSHAN
                              UNITED STATES MAGISTRATE JUDGE